IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 NOV 23 PM 1: 10

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| **CHARLESETTA BEARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO.   04-2183 D/An |
| | ) | |
| **WORLDWIDE MORTGAGE CORP.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel filed on September 19, 2005. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

On April 17, 2005, Defendant Worldwide Mortgage Corp. ("Worldwide") deposed the Plaintiff. After less than three hours of questioning, Memphis Fair Housing advised Worldwide that Plaintiff needed to leave and so her deposition was resumed on May 25, 2005. During her depositions, Plaintiff referred to a written notebook to refresh her memory. She indicated that she needed to refer to it when asked a question regarding her work history. In response to Worldwide's counsel's request to have the notebook marked as an exhibit and copied, Plaintiff refused on the grounds that what was contained in the notebook was personal in nature.[1] Pl.'s

---

[1] Plaintiff stated that the notebook contained notes taken in church and at seminars, telephone numbers, and addresses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

1



Dep. p. 22, l. 22-25. Worldwide has filed the present Motion to compel Plaintiff to produce this notebook due to its belief that the notebook contains relevant information concerning the subject matter of this suit. Plaintiff has objected on the grounds that the notebook does not contain relevant information and is thus not subject to discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff submitted a copy of the notebook to the Court and asked the Court to perform an *in camera* review of the notebook to determine which pages, if any, should be produced to Worldwide. The Court has now reviewed the copied notebook.

## ANALYSIS

### I. Applicable Law

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has also noted that discovery should be both broad and liberal. *See Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Nevertheless, if a document is not relevant, it is not discoverable.

In this case, Worldwide has asked the Court to compel the Plaintiff to produce her

personal notebook. The Plaintiff, however, contends that the notebook should not be produced because it is not relevant to any of the issues in the pending suit. In addition, Plaintiff's counsel states that she has reviewed the notebook and found that there was no information relevant to this lawsuit.

## II. The Actual Documents

The Court has performed an *in camera* review of the Plaintiff's notebook. After review, the Court concludes as follows:.

### A. Documents Not Relevant

Although discovery is broad and liberal in this Circuit, a party is not entitled to all evidence. For documents to be discoverable, the document must be relevant, or at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). After review, the Court concludes that the majority of the entries made by the Plaintiff are not in any way relevant to this action. Many of the entries are names and phone numbers of persons, job descriptions, directions to various locations, and references to Bible verses. As such, these entries are not relevant to this action and are not subject to being produced.

### B. Documents Which Must be Produced

The Court has determined, however, that it is possible that some of the names of individuals contained in the notebook would have knowledge concerning the facts or circumstances surrounding this case. Additionally, Worldwide contends, and Plaintiff admits, that she did refer to the notebook before responding to a question or questions relating to her work history. Therefore, the Plaintiff shall provide to Worldwide copies of any entries she referred to during her deposition and which assisted her in responding to questions posed to her

during her deposition. She shall also be required to produce copies of any entries which contain the identities of any person who the Plaintiff knows to have knowledge about the facts of this case, as well as any other entries which were made by the Plaintiff in an attempt to record the names, facts, or any other information which in any way relates to the allegations contained in the Complaint.

## CONCLUSION

With respect to those documents listed in Part II, section B, the Motion to Compel is **GRANTED**, and the Plaintiff should produce these documents to Worldwide within ten (10) days of entry of this Order. The remainder of the Motion to Compel is **DENIED**, and all other entries in the notebook should not be produced to Worldwide.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 23, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 91 in case 2:04-CV-02183 was distributed by fax, mail, or direct printing on November 25, 2005 to the parties listed.

---

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

George T. Lewis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Mary Katherine Hovious
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Christopher S. Campbell
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Thomas F. Barnett
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

John L. Ryder
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT